The action stood continued until this term, when the judges present delivered their opinion as follows:—
Parker, J.
I am clear that the plaintiff in this action is entitled to judgment. The fact agreed, that the notes in question were transferred to the defendant in contemplation of an act of bankruptcy, appears to me to settle the case. It is true, upon general principles of law, that such a transaction would be good and valid. A creditor has a right to be vigilant, and to receive the benefit of his vigilance. But the policy of the bankrupt law is opposed to this preference of one creditor to another; and the statute interposes, and avoids what would otherwise be held an innocent, and perhaps sometimes a meritorious act. Where a debtor, in failing circumstances, invites a creditor to take security, or gives to a favorite creditor notice of his circumstances, in order that he may secure himself, contemplating bankruptcy; to support such a preference in a court of law would be to destroy the very end and purpose of the bankrupt system, which is to distribute the effects of the debtor among all his creditors.
Sedgwick, J
A principal object of the bankrupt law is that the property of the bankrupt in all his estate, at the time of the act of bankruptcy, by that act shall cease ; and at the same time, by relation, vest in the assignee, to be equally distributed among his creditors, in proportion to the sums respectively due to them. It is most manifest, then, that every act done with intention to defeat this purpose, is a fraud against the law, and therefore void.
The principle is accurately and precisely stated in a note subjoined to the case of Small vs. Oudley, which was cited at the bar, in these *288 words: “ Every act done, with a view to defeat the bankrupt laws, by giving a preference among creditors, contrary to the spirit of those laws, is fraudulent, and therefore void ; and if by deed [ * 327 J in itself an act * of bankruptcy.” And the authorities, cited to support the position, do it effectually.
It is true that a different doctrine might be inferred from the case of Small vs. Oudley; but that case has never, I believe, been considered as good law, and is indeed opposed by the whole course of judicial decisions on the subject. Innumerable cases to this purpose might be quoted, but it is not deemed necessary; some, however, will be mentioned.
In the case of Alderson & Al. vs. Temple (1), preference of one creditor by a bankrupt, in sending him, on the eve of bankruptcy, without his knowledge, a bill by the post, was held to be a fraud upon the bankrupt laws, and therefore void. And in that case it is said that “ all acts to defraud creditors, or to defraud the public law of the land, as the statutes of bankruptcy are, are absolutely void.”
In the case of Harman & Al. vs. Fisher, a trader, in contemplation of absconding, incloses certain bills to a particular creditor, in discharge of his debt, saying that he has the honor to show him that preference, which he conceives is his due. [This is done without the creditor’s privity.] It is followed by an act of bankruptcy before the bills could be received. The essential motive being to give a preference, and the act itself incomplete, it was adjudged to be clearly void, though in favor of a meritorious creditor. Although the delivery of the bills, after the act of bankruptcy, was a fact in that case, yet it is clear that the decision of the Court, independent of that circumstance, would have been the same; that the intention of the bankrupt, by the preference which he gave to a favored creditor, being to defeat the equality of distribution intended by the bankrupt laws, was a fraud upon them, and therefore void. This is evident from what Lord Mansfield says in delivering the opinion of the court. He cites with approbation the case of Linton vs. Barlet in the Common Pleas, by which it was determined that though the act be complete, yet if the mere and sole motive of the trader was to give a preference, it shall be void, and, if by deed, is in itself an act of bankruptcy. And in another part [ * 328 ] * of the same opinion, his lordship says that no trader can do an act of fraud, contrary to the spirit of the bankrupt laws, and to the injury of his creditors. He cannot assign his effects to all his other creditors, in exclusion of one, whom he *289 thinks dishonest or unjust; nor even to be equally divided among all his creditors, because he cannot take his estate out of that management, which the law puts it into. If any such act is done by deed, it is not only void, but is in itself an act of bankruptcy, from the date of the deed. If without deed, it is void in respect of those whom it prejudices. And in the case of Rust & Al. vs. Cooper, it was determined that any contrivance, not in the course of trade, but calculated merely to give a fraudulent preference, and to defeat the equality of the bankrupt laws, is void, though the delivery of goods to such creditor, and his assent to the transaction, be complete before the act of bankruptcy committed.
If indeed it be true, as it undoubtedly is, that every attempt to defeat the public law is fraudulent and void, it then follows, that the delivery of property to a creditor, in contemplation of bankruptcy, is fraudulent, notwithstanding the delivery is made in satisfaction of a bona fide debt.
In the case under consideration, the notes in question were delivered to the defendant by the bankrupt, in contemplation of an act of bankruptcy; the defendant at the same time considering him to be insolvent, but making no effort to compel payment. In point of authority the case is obviously within many of the cases, by which similar transactions in England have been adjudged fraudulent as against the bankrupt laws made for the same purposes as that of the United States. In point of principle, to validate a transfer of property, under such circumstances, would authorize means, whereby the main and most beneficial intention of the bankrupt law might be legally defeated. Hence I conclude that the plaintiff must have judgment.
Parsons, C. J.
If the notes, transferred in the manner stated in the case, submitted to us, by Wilkins to Winning, passed by the assignment of the bankrupt’s effects to the plaintiff, he must have judgment; and it is very clear that they did not. pass, unless the transfer, * under the circumstances of this [ * 329 ] case, was a fraud upon the creditors, and absolutely void.
Until an act of bankruptcy committed, the bankrupt has the exclusive right to dispose of his effects at his pleasure, so that the disposition be bona fide, and not fraudulent. He may continue to pay his debts, and transact his business in the ordinary course of his trade, or may pay the debts of any creditor, using due diligence to recover payment, either by demanding it, or by threatening a legal prosecution to recover it; and, in one case, it is holden that he may, on demand, secure a debt not yet payable. But in all these lases he must act fairly, without an intention of preferring one creditor to the others.
*290 In the present case, a fortnight before the bankruptcy, Winning expresses his dissatisfaction with the state of the bankrupt’s affairs, and deffares that he must have security. Nothing further was then done until the day before the bankruptcy; then the bankrupt, in contemplation of an act of bankruptcy (which in fact is committed the next morning), makes the transfer, which is the cause of the present action. No case has been found, where a payment made, or security given, by the bankrupt, in contemplation of an act of bankruptcy, has been holden good against the other creditors. The import of the expression is equivalent to an intent to defeat the bankrupt laws by preferring a creditor. But a preference, with this intent, is unquestionably a fraud upon the other creditors, and the payment made, or the security given to effect this preference, is void; and a void transfer of the notes by the bankrupt to a favored creditor will not prevent the passing of the notes to the assignee, by the commissioners’ assignment.

Let judgment be entered for the plaintiff.

 4 Burr. 2235.—1 W. Black. 560. S. C.